# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

CHAD WEST,

    Petitioner,

v.

WARDEN, CORRECTIONS RECEPTION
CENTER, *et al.*,

    Respondents.

Case No. 18-cv-122
Judge George C. Smith
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), this Court must conduct a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." If it does so appear, the petition must be dismissed. *Id*. Rule 4 allows for the dismissal of petitions that raise legally frivolous claims, as well as petitions that contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). Here, for the reasons that follow, it plainly appears from the face of the petition that Petitioner is not entitled to relief, and the Undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** as unexhausted.

### I. Facts and Procedural History

On July 19, 2001, Petitioner was tried and convicted of one count of trafficking in cocaine and one count of theft in the Court of Common Pleas for Franklin County, Ohio ("the first state action"). *State of Ohio v. West*, No. 01AP-1238, 2002 WL 1067296, at *1 (Ohio Ct. App. May 30, 2002). Petitioner alleges that he was sentenced to serve four years for that

conviction. (ECF No. 1, at PAGEID # 4, ¶18.) On January 31, 2002, Petitioner was tried and convicted of rape, kidnapping, and burglary in a second action in the same court, and sentenced to 13 years imprisonment ("the second state action"). *See State of Ohio v. West*, No. 09AP-474, 2009 WL 3161480, at *1 (Ohio Ct. App. Sept. 30, 2009). Petitioner successfully appealed that sentence because the trial court failed to make required findings before sentencing him to serve consecutive and longer than minimum terms. *State v. Ohio*, No. 02AP-244, 2002 WL 31656232, at *2–3 (Ohio Ct. App. Nov. 26, 2002.) On January 20, 2003, the trial court resentenced Petitioner. *See State of Ohio v. West*, No. 04AP-977, 2005 WL 1109688, at * 1 (Ohio Ct. App. May 10, 2005). Petitioner alleges that he was ultimately sentenced to thirteen years in the second state action, and ordered to serve that sentence consecutively with the four-year sentence in the first state action. (ECF No. 1, at PAGEID # 4, ¶18.)

Petitioner did not appeal his January 20, 2003 resentencing. However, on July 9, 2003, Petitioner moved for a new trial. *See State of Ohio v West*, No. 9AP-474, 2009 WL 3161480, at *1 (Ct. App. Sept. 30, 2009). The trial court denied that motion and the appellate court affirmed that determination. *See id*. On December 15, 2008, Petitioner filed a second motion for a new trial. *See id*. The trial court denied that motion, and the appellate court confirmed that ruling because Petitioner did not present newly discovered evidence and because he failed to explain how he was unavoidably prevented from discovering grounds for his motion. *Id*. On October 9, 2009, the court of appeals denied Petitioner's motion to reconsider that judgment. *See West v. Jeffreys*, No. 2:10-cv-01177, 2011 WL 3475398, at *1 (S.D. Ohio Aug. 9, 2011). The Ohio Supreme Court subsequently declined to exercise jurisdiction over an appeal of that ruling. *See id.* On December 30, 2010, Petitioner filed a habeas action under 28 U.S.C. §2254 in this Court, challenging the state trial court's decision to deny Petitioner leave to file a motion for a new trial.

*West v. Jeffreys*, No. 2:10-cv-01177, 2011 WL 5326179, at *1 (S.D. Ohio, Nov. 7, 2011). This Court dismissed Petitioner's action because he failed to file his petition within the one-year limitations period set forth in § 2244(d)(1)(D), and because equitable tolling of that one-year period was not warranted. *Id*. at *15.

In this federal habeas action, Petitioner alleges that he "completed the judicially imposed" seventeen-year sentence on November 25, 2017. (ECF No. 1 at PAGEID # 5, ¶20.) Petitioner further alleges that on November 28, 2017, he was arrested by Ohio's Adult Parole Authority ("APA") and taken to the Franklin County jail. (*Id*. at PAGEID # 6, ¶27.) A document attached to the petition indicates that on December 26, 2017, Petitioner was found guilty of violating the terms of his post-control release ("PRC") and sentenced by the APA to serve 211 days for that PRC violation. (*Id*. at PAGEID # 29.) Petitioner alleges, and a document attached to the petition indicates, that Petitioner received a hearing in front of an APA hearing officer and the assistance of appointed counsel before he was reincarcerated for the PRC violation. (*Id*. at PAGEID # 6, ¶29; PAGE ID # 29.)

Petitioner challenges the constitutionality of Ohio's statute delineating the imposition of mandatory PRC for persons convicted of certain offenses, Ohio Rev. Code § 2967.28. Specifically, Petitioner alleges that § 2967.28 constitutes a Bill of Attainder (Ground One); violates the Double Jeopardy Clause (Ground Two); violates the Due Process Clause (Ground Three); and violates the Separation of Powers Doctrine (Ground Four). (*Id*. at PAGEID ## 13–16.) He asks the Court to order his release from state custody and to enjoin enforcement of § 2967.28.

## II. Successive Petition

As discussed, this is not Petitioner's first federal habeas action. *See West v. Jeffreys*, No. 2:10-cv-0117, 2011 WL 5326179 (S.D. Ohio, Nov. 7, 2011). Under 28 U.S.C. § 2244, a state prisoner may not file a second or successive habeas petition without first seeking authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006). However, "the Supreme Court has made clear that not every numerically second petition is 'second or successive' for purposes of AEDPA." *Bowen*, 436 F.3d at 704 (citing *Slack v. McDaniel*, 529 U.S. 473, 487 (2000)). "[A] numerically second petition is 'second' when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *Id.* (citing *McClesky v. Zant*, 499 U.S. 467, 489 (1991)).

Here, Petitioner's claims apparently relate to his reincarceration on December 26, 2017, for violating his PRC terms. Because the factual predicate for his claims arose after December 30, 2010, the date when his first habeas petition was filed in this Court, his claims could not have been raised in the first petition. *See In re Jones*, 652 F.3d 603, 605–06 (6th Cir. 2010) ("[L]imitations on second or successive petitions do not apply to a numerically second petition challenging a parole determination or disciplinary proceeding that occurred after the prisoner's initial petition was filed." (citations omitted)). The Undersigned accordingly concludes that Sixth Circuit authorization is not required in this case.

## III. Governing Law

Petitioner's claims are properly asserted under 28 U.S.C. § 2254 instead of § 2241.[1] *See Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (explaining that although a federal prisoner may collaterally attack the lawfulness of a sentence under 28 U.S.C. § 2255 and the execution of a sentence under § 2241, a state court prisoner can use § 2254 to assert both types of challenges). Section 2254 applies in post-trial situations where a plaintiff is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *see also Atkins v. Michigan,* 644 F.2d 543, 546 n. 1 (6th Cir.), *cert. denied,* 452 U.S. 964 (1981). Section 2241 can also be used to bring pretrial petitions by persons in custody, regardless of whether final judgment has been rendered. *Atkins,* 644 F.2d at 546 and n. 1. *See also Fisher v. Rose,* 757 F.2d 789, 792 n. 2 (6th Cir. 1985); *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir. 1981). But Petitioner does not allege that he is a pretrial detainee. Regardless of whether he proceeds under § 2254 or § 2241, Petitioner has failed to exhaust his claims.

## IV. Exhaustion

Before a federal habeas court may grant habeas corpus relief, a state prisoner must exhaust his available state court remedies. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (1993). *See also* 28 U.S.C. § 2254(d)(1). If

---

[1] Petitioner also may have intended to invoke 42 U.S.C. § 1983. That invocation would be unavailing because Petitioner seeks a writ securing his immediate release. (ECF No. 1, PAGEID # 17, ¶1.) Habeas is the exclusive remedy for a petitioner who challenges the fact or duration of his custody and seeks immediate or speedier release. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Although Petitioner also seeks injunctive and declaratory relief, it is clear that this relief would result in his immediate release as opposed to relief that would not necessarily impact the fact or duration of his confinement. Petitioner does not, for example, appear to seek a change in the procedures used by APA to make PRC violation determinations. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014). If Petitioner wishes to assert claims under § 1983, he must initiate a separate action and pay the filing fee that applies to such actions or seek leave to proceed *in forma pauperis*.

a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254 (b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987).

Although not entirely clear, it appears Petitioner generally contends that because he "has already completed the judicially imposed definite prison term," the sentencing court "lost all jurisdiction" over him, and thus the APA could not reincarcerate him for a PRC violation after he served his sentence. (*Id*. at PAGEID # 4, ¶¶11, 14; PAGEID # 5, ¶24; PAGEID # 10, ¶49.) Although Ohio law does not provide an appeal procedure for PRC violation determinations, to the extent Petitioner alleges that his sentence has fully expired, a habeas corpus action in the Ohio courts can be used to challenge actions taken by the APA when they result in a person being confined after jurisdiction over him has expired. *Brewer v. Dahlberg*, 942 F.2d 328, 337-40 (6th Cir. 1991) (*citing In re Anderson*, 380 N.E.2d 368, 369 (Ohio Ct. App. 1978)). Petitioner does not allege that he has filed a habeas action in the state court.

Under Ohio law, a writ of mandamus is also available if a petitioner can demonstrate: (1) that a clear legal right to relief exists; (2) that the respondent has a clear legal duty to perform the requested act; and (3) that no plain and adequate remedy exists in the ordinary course of the law. *State ex rel. Berger v. McMonagle,* 451 N.E.2d 225, 227 (Ohio), *cert. denied*, 464 U.S. 1017 (1983). Ohio courts have heard petitions for mandamus that challenge the actions of the APA. *See Brewer v. Dahlberg,* 942 F.2d 328, 335–36 (6th Cir. 1991) (collecting cases regarding

6

mandamus petitions and the APA); *see also State ex rel. Mapson v. Ohio Adult Parole Authority,* 535 N.E.2d 296, 297 (Ohio 1989) (per curiam) (petitioner did not have sufficient evidence to prove retaliatory motive for parole denial); *Rodgers v. Capots,* No. 93-3397, 1993 WL 483476, at *1 (6th Cir. Nov. 23, 1993) (denial of habeas corpus petition appropriate when petitioner did not exhaust available state court remedies, including a writ of mandamus). Thus, a mandamus petition can be used in some instances to pursue relief from improper incarceration by the APA. Petitioner does not allege that he has filed an action for mandamus.

Moreover, to the extent Petitioner complains that his sentence did not include provisions for PRC, review may still be available, either through direct appeal or collateral attack, in the courts of Ohio. The APA cannot impose post-release control sanctions unless a trial court has imposed post-release control in its sentence. *See State v. Billiter*, 980 N.E.2d 960, 964 (Ohio 2010). Although § 2967.28 provides that PRC is mandatory for certain offenses, including a first degree felony, a sentencing entry by an Ohio court must contain the following information:

> (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute."

*State v. Hardy*, No. 17 CA 11, 2017 WL 6550471, at*3 (Ohio Ct. App. Dec. 12, 2017) (quoting *State v. Grimes*, 85 N.E.3d 700, 702 (Ohio 2017)) "A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer,* 942 N.E.2d 332, ¶1 of the syllabus (Ohio 2010). Petitioner does not allege that he attempted to collaterally attack his sentence in the state court on this basis.

## V. Recommended Disposition

Therefore, the Undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** as unexhausted.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE